<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AARON WALTER FRASER, : | Civil Action No. 07-3026 (NLH) |
| Plaintiff, : | |
| v. : | **<u>OPINION</u>** |
| STRANG COMMUNICATIONS, et al., : | |
| Defendants. : | |

**APPEARANCES:**

> AARON WALTER FRASER, Plaintiff <u>Pro Se</u>
> F.C.I. Fort Dix
> P.O. Box 2000
> Fort Dix, New Jersey 08640

**HILLMAN**, District Judge

Plaintiff Aaron Walter Fraser, an inmate who is confined at the Federal Correctional Institution at Fort Dix, New Jersey, seeks to bring this action <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915. The Court will grant <u>in forma pauperis</u> status and dismiss the Complaint.

**I. BACKGROUND**

Plaintiff seeks damages of one-hundred million dollars against Strang Communications, Frederick K.S. Price, Crenshaw Christian Center, and Stephen Strang, for breach of promise. He alleges that on June 16, 2007, he purchased a book entitled "Answered Prayer Guaranteed!" He alleges that the book, which was written by Frederick K.C. Price and published by Strang Comunications, "guaranteed that if I prayed according to the book's formula, I would be guaranteed an affirmative answered prayer." (Compl. ¶ 8.) Plaintiff asserts that the book failed

to live up to its guarantee and, as a result, he has suffered emotional and psychological damage, and he is in a worse state than before he purchased the book.  (Id. ¶¶ 9-13.)

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis.  The statute requires the Court to review the complaint to identify cognizable claims and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A court may dismiss a claim as factually frivolous if "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional."  Denton v. Hernandez, 504 U.S. 25, 33 (1992) (citations and internal quotation marks omitted).  A finding of factual frivolousness is appropriate "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  Id.; accord Hines v. United States, 166 Fed. Appx. 610, 611 (3d Cir. 2006).

## III.  DISCUSSION

Plaintiff's allegations that God did not answer his prayers, contrary to promises Defendants made in a book, are factually frivolous under the Denton standard.  This Court will accordingly dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## IV.  CONCLUSION

The Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint as frivolous.


At Camden, New Jersey

Dated: August 6, 2007

```
s/ Noel L. Hillman
```
**NOEL L. HILLMAN, U.S.D.J.**